UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SCOTT BOEHM; PAUL SPINELLI,<br><br>*Plaintiffs*,<br><br>v.<br><br>SIGNATURES 4 U, LLC; VICTORIA RAGONE; LOU RAGONE; ALL STAR VIDEO, INC.; JEFF SACKS; THE SPORTS MALL, LLC; HOLLYWOOD COLLECTIBLES, INC.; RICHARD ALTMAN,<br><br>*Defendants*. | Case No.: |

## COMPLAINT

Plaintiffs Scott Boehm and Paul Spinelli (together "Plaintiffs"), by and through undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, demand a trial by jury of all claims and issues so triable, and for their Complaint against Defendants Signatures 4 U, LLC; Victoria Ragone; Lou Ragone; All Star Video, Inc.; Jeff Sacks; The Sports Mall, LLC; Hollywood Collectibles; and Richard Altman (collectively, "Defendants") hereby assert and allege as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under the laws of the United States, Title 17, United States Code §§ 101, *et seq*., brought by Plaintiffs against Defendants for unauthorized and infringing uses of Plaintiffs' copyrighted photographs.

2. Plaintiffs seek damages and other relief related to Defendants' reckless and willful infringements of Plaintiffs' copyrights in and to the original photographic works identified herein that are the subject of this action.

1

## THE PARTIES

3. Plaintiffs Scott Boehm ("Boehm") and Paul Spinelli ("Spinelli") are professional photographers who make their living by taking and licensing sports-related photographs.

4. Plaintiff Boehm is a resident of the state of Illinois.

5. Plaintiff Spinelli is a resident of the state of California.

6. Defendants are each in the sports memorabilia business, selling memorabilia products through each of their respective websites, seller accounts on Amazon.com, Ebay.com, and Sportsmemorabilia.com, as well as at trade shows and player signing events.

7. Upon information and belief, Defendant Signatures 4 U, LLC ("Sig4U") is a limited liability company registered in the state of Florida, having a principal address at 187 Bella Vista Way, Royal Palm Beach, Florida 33411.

8. Upon information belief, Defendants Victoria Ragone and Lou Ragone (the "Ragones") are Florida residents and the sole owners and members of Sig4U and are personally responsible for all of its day-to-day operations, inventory purchases and sales.

9. Upon information and belief, Defendant All Star Video, Inc. d/b/a All Star Sports & Collectibles ("All Star") is a Florida corporation with its principal address at 4290 South University Drive, Davie, Florida 33328.

10. Upon information and belief, Defendant Sacks is a Florida resident and the sole owner of All Star and is personally responsible for all of its day-to-day operations, inventory purchases and sales.

11. Upon information and belief, Defendant The Sports Mall LLC d/b/a Sports Collectibles ("Sports Collectibles") is a Florida limited liability company with its principal address at 4710 Eisenhower Boulevard South, Suite A-1, Tampa, FL 33634.

12. Upon information and belief, Defendant Hollywood Collectibles, Inc. ("Hollywood Collectibles") is a Florida corporation with its principal address located at 1300 Stirling Road, Suite 1C, Dania Beach, Florida 33004.

13. Upon information and belief, Defendant Altman is a Florida resident and the sole owner of Hollywood Collectibles and is personally responsible for all of its day-to-day operations, inventory purchases and sales.

## JURISDICTION AND VENUE

14. Jurisdiction for Plaintiffs' claims lies with the United States District Court for the Southern District of Florida pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

15. This Court can exercise personal jurisdiction over Defendants because they are all residents of the state of Florida and do substantial business in this state and District.

16. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District and because Defendants reside, may be found in, and/or conduct substantial business in this District.

## GENERAL ALLEGATIONS

17. Plaintiffs created each their respective photographs identified in the exhibits attached hereto and that are at issue in this action (the "Photographs").

18. Each of the professional sports leagues have exclusive licensing arrangements with stock photo companies, including Getty Images and the Associated Press ("AP"), through which all commercial licensing and sales of photos taken at their respective sporting events are done.

19. Plaintiffs previously licensed their images through Getty Images, and are currently contributing photographers with the AP.

20. All officially licensed photo products include a holographic and/or printed logo of the respective sports league and/or their official partners, indicating that the product is authorized by the relevant rightsholders.

21. Upon information and belief, Defendants have offered for sale and sold numerous copies of Plaintiffs' Photographs as photo prints, canvases, and/or posters without a valid license.

22. Upon information and belief, none of the products at issue in this case include such official holograms, logos, or other indicia of authorization.

23. Attached hereto as Exhibit 1 is a chart identifying each of the Photographs that have been copied, displayed, offered for sale and sold by Defendants Sig4U and the Ragones.

24. Attached hereto as Exhibit 2 is a chart identifying each of the Photographs that have been copied, displayed, offered for sale and sold by Defendants All Star and Sacks.

25. Attached hereto as Exhibit 3 is a chart identifying each of the Photographs that have been copied, displayed, offered for sale and sold by Defendant Sports Collectibles.

26. Attached hereto as Exhibit 4 is a chart identifying each of the Photographs that have been copied, displayed, offered for sale and sold by Defendants Hollywood Collectibles and Altman.

27. Plaintiffs have not been compensated for any of the numerous sales of products featuring their copyrighted works by Defendants.

28. Plaintiffs have not been given proper credit for the numerous products offered for sale and displayed on Defendants' respective websites.

29. Plaintiffs previously asserted similar claims of infringement against Defendants Sig4U, Sacks, Hollywood Collectibles, as well as several other memorabilia dealers, in a case captioned *Boehm, et al. v. SportsMem, LLC, et al.*, Case No. 1:18-cv-556-JMF (S.D.N.Y. 2018) (the "SDNY Action").

30. Plaintiffs' claims against Defendant Sig4U in the SDNY Action were dismissed without prejudice on personal jurisdiction grounds.

31. Plaintiffs' claims against Defendant Sacks and Hollywood Collectibles in the SDNY Action were settled and voluntarily dismissed.

32. As indicated in Exhibits 1, 2, and 4, Defendants Sig4U/Ragones, All Star/Sacks and Hollywood Collectibles/Altman have since re-listed and offered for sale some of the same photographs involved in the SDNY Action in addition to new, different photographs belonging to Plaintiffs.

33. Upon information and belief, Defendants either obtained Plaintiffs' Photographs from a common source or from each other, as some Photographs are being sold by multiple Defendants.

34. Defendants did not seek or obtain a license, authorization, or permission to copy, publish, display, sell, or create derivative works using copies of Plaintiffs' Photographs.

35. Because information regarding the full scope of uses of Plaintiffs' photos by Defendants remain in their sole possession, the full scope of Defendants' infringement has not yet been ascertained.

## COUNT I
## COPYRIGHT INFRINGEMENT

36. Plaintiffs repeat and re-allege each of the above allegations as if set forth fully herein.

37. Plaintiffs created and own copyrights in and to their respective Photographs, as indicated in Exhibits 1-4.

38. Plaintiffs' copyrights in and to the Photographs have been registered with the United States Copyright Office.

39. Defendants copied, published, distributed, sold, and otherwise used or exploited Plaintiffs' Photographs without proper permission, license, or authorization, in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.

40. Defendants' actions alleged herein were willful, knowing, intentional, and/or reckless.

41. Defendants are sophisticated, experienced sports memorabilia dealers and knew that any products not containing an official logo, hologram, or other mark of the respective professional sports leagues were unauthorized and infringing.

42. Defendants Sig4U/Ragones, All Star/Sacks, and Hollywood Collectibles/Altman have continued to sell unauthorized photo products even after being sued for infringement by Plaintiffs in the SDNY Action.

43. Upon information and belief, Defendants Sig4U/Ragones, Sacks/All Star, and Hollywood Collectibles/Altman re-listed and/or continued to sell some of the *same images* they were previously sued for in the SDNY Action.

44. By copying, distributing, displaying, and otherwise exploiting Plaintiffs' copyrighted works without a license, Defendants infringed Plaintiffs' copyrights in the works identified herein, causing Plaintiffs significant injury, damages, and losses in amounts to be determined at trial.

**WHEREFORE,** Plaintiffs respectfully pray for judgment on their behalf and for the following relief:

1. A jury trial on all issues so triable;

2. A preliminary and permanent injunction against Defendants from copying, displaying, distributing, advertising, promoting, and/or selling any products that include Plaintiffs' works identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiffs' photographs and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendants;

3. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiffs' loss of licensing revenue and Defendants' profits attributable to infringement, and damages suffered as a result of the lack of credit and attribution;

4. Plaintiffs' full costs, including litigation expenses, attorneys' fees incurred in pursuing and litigating this matter, and any other amounts authorized under law;

5. For such other and further relief as the Court deems just and proper.

Dated May 26, 2021

            Respectfully submitted,

          By: /s/ Ramón Abadín   /
            Ramón Abadín (Bar No. 707988)
            Ramon A. Abadin P.A.
            232 Andalusia, Suite 200
            Coral Gables, FL 33134
            T: (305) 321-4496
            rabadin@abadinlaw.com

              -and-

          By: /s/ Nate A. Kleinman   /
            Nate A. Kleinman (to be admitted *pro hac vice*)
            McCulloch | Kleinman Law
            501 Fifth Avenue, Suite 1809
            New York, New York 10017
            T: (212) 355-6050
            nate@mkiplaw.com